J-A26023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT LUMPKIN | : | |
| | : | |
| Appellant | : | No. 2287 EDA 2021 |

Appeal from the PCRA Order Entered September 30, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003183-2019

BEFORE:   BOWES, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 17, 2023**

Appellant, Robert Lumpkin, appeals from the order entered in the Philadelphia County Court of Common Pleas, which dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows. On May 7, 2019, the Commonwealth filed a criminal information charging Appellant with multiple offenses related to the murder of Jeffrey Johnson.  On November 27, 2019, Appellant executed a written guilty plea colloquy.  The colloquy indicated that Appellant would plead guilty to two (2) counts of robbery and one count each of third-degree murder and persons not to

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

possess firearms.[2]  In exchange, the Commonwealth agreed to drop all other charges and recommend an aggregate sentence of twenty-seven and one-half (27½) to fifty-five (55) years' imprisonment.  (*See* Written Plea Colloquy, filed 11/27/19, at 1).  In the written colloquy, Appellant acknowledged that the judge had the power to deviate from the plea bargain.  (*Id.*)  Appellant also confirmed that he was "satisfied with the advice and service [he] received from [his] lawyer," and his "lawyer spent enough time on [the] case and [Appellant] had enough time to talk with [his] lawyer about the case."  (*Id.* at 3).

Also on November 27, 2019, Appellant appeared for a guilty plea hearing.  At that time, the court proceeded with an oral colloquy.  After accepting Appellant's pleas, the court immediately imposed the agreed-upon sentence.  Appellant did not file post-sentence motions or a notice of appeal.

On November 18, 2020, Appellant timely filed a *pro se* PCRA petition. The court appointed counsel, who filed a "no-merit" letter on June 20, 2021. In it, PCRA counsel concluded that Appellant was not entitled to relief on his claim that plea counsel's ineffectiveness caused him to enter unknowing guilty pleas.  On August 24, 2021, the court provided Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing.  Appellant filed a *pro se* response to the Rule 907 notice on September 17, 2021.  On September

_____

[2] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 2502(c), and 6105(a)(1), respectively.

30, 2021, the court dismissed Appellant's petition.[3]

Appellant timely filed a *pro se* notice of appeal on October 27, 2021. On November 22, 2021, the PCRA court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant ultimately complied with the court's Rule 1925(b) order. This Court subsequently remanded the matter for the PCRA court to clarify the status of counsel. On February 7, 2022, the PCRA court entered a formal order permitting counsel to withdraw.

Appellant now raises one issue for our review:

> Did PCRA counsel err when he determined that [plea] counsel was effective and determined [the] PCRA petition had no merit?

(Appellant's Brief at 3).

"Our standard of review of [an] order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Parker*, 249 A.3d 590, 594 (Pa.Super. 2021) (quoting *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa.Super. 2013)). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*,

---

[3] Although the docket entries indicate that the court permitted PCRA counsel to withdraw at this time, the court did not enter a formal order permitting withdrawal.

256 A.3d 1274, 1282 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 268 A.3d 386 (2021).

On appeal, Appellant reiterates the claim raised in his *pro se* PCRA petition: plea counsel's ineffectiveness caused him to enter unknowing guilty pleas. Appellant acknowledges that PCRA counsel addressed this issue in the "no-merit" letter, finding that no relief was due. Nevertheless, Appellant disagrees with PCRA counsel's assessment. Appellant emphasizes that he "initially planned to exercise his right to trial," but plea counsel did not conduct "any investigation into the particulars in the case[.]" (Appellant's Brief at 8). Rather, plea counsel "simply stated that [neither] he nor his office had the resources to prepare a proper strategy for trial." (**Id.**) Appellant claims that plea counsel undermined Appellant's desire to go to trial by telling Appellant's family members "unsubstantiated … horror stories of what would occur should [Appellant] choose to go to trial." (**Id.** at 10). Appellant insists that the "sole purpose" of plea counsel's efforts "was to get [Appellant's family] to convince [Appellant] to take a plea." (**Id.**)

Appellant argues that plea counsel's "singular focus on obtaining a guilty plea had no strategic basis[.]" (**Id.** at 14). Further, Appellant asserts that he suffered prejudice because plea counsel's "lack of investigation in his pursuit of a guilty plea meant he relied solely on the Commonwealth's 'evidence' and 'theory in the case.'" (**Id.** at 16). Appellant concludes that PCRA counsel erroneously concluded that the ineffectiveness issue lacked merit, and this

Court must remand the matter for an evidentiary hearing. We disagree.

Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must … submit a "no-merit" letter to the [PCRA] court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> \* \* \*
>
> If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007) (internal citations omitted).

"Counsel is presumed to have rendered effective assistance." **Commonwealth v. Hopkins**, 231 A.3d 855, 871 (Pa.Super. 2020), *appeal denied*, ___ Pa. ___, 242 A.3d 908 (2020).

> [T]o establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence

could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa.Super. 2019), *appeal denied*, 654 Pa. 568, 216 A.3d 1029 (2019) (internal citations and quotation marks omitted). The failure to satisfy any prong of the test for ineffectiveness will cause the claim to fail. *Commonwealth v. Chmiel*, 612 Pa. 333, 30 A.3d 1111 (2011).

"The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit[.]" *Commonwealth v. Smith*, 167 A.3d 782, 788 (Pa.Super. 2017), *appeal denied*, 645 Pa. 175, 179 A.3d 6 (2018) (quoting *Commonwealth v. Pierce*, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994)). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." *Commonwealth v. Poplawski*, 852 A.2d 323, 327 (Pa.Super. 2004) (quoting *Commonwealth v. Geathers*, 847 A.2d 730, 733 (Pa.Super. 2004)).

"Once this threshold is met we apply the 'reasonable basis' test to determine whether counsel's chosen course was designed to effectuate his client's interests." *Commonwealth v. Kelley*, 136 A.3d 1007, 1012 (Pa.Super. 2016) (quoting *Pierce, supra* at 524, 645 A.2d at 194-95).

> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.

*Commonwealth v. King*, 259 A.3d 511, 520 (Pa.Super. 2021) (quoting *Sandusky, supra* at 1043-44).

"To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding." *Commonwealth v. Spotz*, 624 Pa. 4, 33-34, 84 A.3d 294, 312 (2014) (internal citations and quotation marks omitted). "[A] criminal defendant alleging prejudice must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Hopkins, supra* at 876 (quoting *Commonwealth v. Chambers*, 570 Pa. 3, 22, 807 A.2d 872, 883 (2002)).

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea." *Commonwealth v. Allen*, 557 Pa. 135, 144, 732 A.2d 582, 587 (1999). "In order to make a knowing and intelligent waiver, the individual must be aware of both the

nature of the right and the risks and consequences of forfeiting it." ***Commonwealth v. Houtz***, 856 A.2d 119, 122 (Pa.Super. 2004) (quoting ***Commonwealth v. Payson***, 723 A.2d 695, 700 (Pa.Super. 1999)).

"To determine a defendant's actual knowledge of the implications and rights associated with a guilty plea, a court is free to consider the totality of the circumstances surrounding the plea." ***Allen, supra*** at 146, 732 A.2d at 588-89. "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Reid***, 117 A.3d 777, 782 (Pa.Super. 2015) (quoting ***Commonwealth v. Morrison***, 878 A.2d 102, 107 (Pa.Super. 2005)). "Furthermore, nothing in [Pa.R.Crim.P. 590] precludes the supplementation of the oral colloquy by a written colloquy that is read, completed and signed by the defendant and made a part of the plea proceedings." ***Commonwealth v. Bedell***, 954 A.2d 1209, 1212-13 (Pa.Super. 2008), *appeal denied*, 600 Pa. 742, 964 A.2d 893 (2009). ***See also*** Pa.R.Crim.P. 590, *Comment*.

"A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." ***Commonwealth v. Pollard***, 832 A.2d 517, 523 (Pa.Super. 2003). "Our law does not require that a defendant be totally pleased with the outcome

of his decision to plead guilty, only that his decision be voluntary, knowing and intelligent." ***Id***. at 524. Further, "[t]he entry of a negotiated plea is a 'strong indicator' of the voluntariness of the plea." ***Reid, supra*** at 783 (quoting ***Commonwealth v. Myers***, 642 A.2d 1103, 1106 (Pa.Super. 1994)).

Instantly, Appellant executed a written guilty plea colloquy that provided the terms of the plea bargain and explained the court's power to deviate from it. (***See*** Written Plea Colloquy at 1). Appellant confirmed that no one had forced him to enter the plea, and he "cannot come back to court later and say that I was not guilty." (***Id.*** at 3). Appellant also acknowledged his understanding of the maximum possible sentence, his right to a jury trial, the presumption of innocence, the elements of the offenses, and the facts of his case. (***See id.*** at 1, 3).

At the oral colloquy, the court emphasized that Appellant had "the absolute right to have a jury trial." (N.T. Plea Hearing, 11/27/19, at 3). The court explained that Appellant was presumed innocent, and the Commonwealth bore the burden of proving his guilt beyond a reasonable doubt. (***See id.*** at 7-9). The court explored the nature of the charges Appellant was facing, and it provided the applicable sentencing ranges. (***See id.*** at 15-19). Thereafter, the court instructed the prosecutor to read the factual basis into the record. (***See id.*** at 22-31).

The court also reviewed the written colloquy with Appellant, who indicated that he understood the form and did not have any questions about

it. (**See id.** at 12). The court elaborated on the written colloquy as follows:

> THE COURT: If you complained later to the Superior Court and said that your plea wasn't voluntary, they would take a look at this form and they would see that you signed it. People do not usually sign legal documents this important that they haven't gone through with their attorneys and that they don't fully understand. So that by signing this form, that would tend to show the Superior Court that your plea is voluntary. Do you understand that?
>
> [APPELLANT]: Yes.

(**Id.** at 13). Appellant later stated that he was satisfied with the advice of counsel, and he did not have any further questions for counsel. (**See id.** at 13-14).

Although Appellant complains that plea counsel provided inadequate representation, the record undermines his claim. The colloquies reveal that Appellant was aware of his rights, he was satisfied with counsel's representation, and he was not forced to enter the plea. Appellant is bound by his statements. **See Pollard, supra**. Under the totality of these circumstances, we agree with PCRA counsel's conclusion that Appellant's ineffectiveness claim lacks arguable merit. **See Allen, supra**. Accordingly, we affirm the order denying PCRA relief.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>2/17/2023</u>